Napoleon Langlois, Appellant, v. Amanda Langlois, Appellee.

Gen. No. 4,975.

VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the evidence unless clearly and manifestly so.

Replevin. Appeal from the Circuit Court of Kankakee county; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the April term, 1908. Affirmed. Opinion filed August 10, 1908.

SAVARY & RUEL, for appellant; W. G. BROOKS, of counsel.

AMOS H. ROBILLARD, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This was a suit in replevin brought by appellant against appellee, before a justice of the peace of Kankakee County, to recover possession of certain household furniture. After judgment there, the case was appealed to the Circuit Court of said county where appellee obtained a verdict finding the right of property in her, and awarding her $75 damages, for the use of the furniture while held by appellant after service of the writ. A motion for a new trial was made on the grounds that the verdict was against the law and evidence, and that the damages were excessive. Appellee made a *remittitur* of $18. A motion for a new trial was denied. A writ of *retorno habendo* was ordered, judgment was entered for $57 and costs, and this appeal was taken by plaintiff below.

On the trial it was stipulated that a demand was made for the goods before the suit was brought, and the evidence showed that in April, 1904, appellant was the owner of certain household goods stored at St. Anne, Illinois; and that he, his son, Willie, and daughter, were boarding at Dalton, Illinois, where he and his son were employed. In April, 1904, Willie and appellee were married. Thereafter appellant, Willie and appellee arranged to keep house as one family, appellee to be housekeper. In pursuance of such arrangement, appellant rented a house and placed therein the furniture in controversy. Later, appellant married and set up housekeeping independent of Willie, and appellant rented a house and took from the house oc-

cupied by appellee and Willie, such of the furniture as they did not need. On January 4, 1907, Willie abandoned appellee and their child, and appellee continued to keep house at Pembroke, where they had previously moved. When Willie left appellee, he told her to take the furniture or he would sell it to pay her board. On January 15, 1907, appellee, with help, moved one load of the furniture to her father's house, where she was then living, and moved the rest the day following. On February 1, 1907, appellant replevied the furniture.

Appellant's contention is, that he left the furniture with his son for him and appellee to use. Appellee claims that appellant gave the furniture to Willie and herself.

Upon the question of whether the transaction was a loan or a gift, there were but two witnesses. Appellant testified that when he separated from his son and appellee, he took just what furniture he needed and left what he thought would be necessary for them. Appellee testified that appellant took all the furniture he wanted, and said, "You keep the rest, I give it to you," and that when they were moving the first load appellant came to the house, remained about two minutes, but said nothing. In this, she was corroborated by one Bertrand, who was helping her move the furniture, and appellant admitted he was present when they were loading the first load and made no protest.

This conflict in the evidence involved the credibility of the testimony of appellee and appellant, which was for the jury to determine and to reconcile. This they did by their verdict, which should not in the absence of material error of law be disturbed.

In support of appellant's contention that the damages are excessive, counsel argues that the court erred in admitting the evidence of appellee and Bertrand over his objection. There was no error in the admission of appellee's evidence and the record discloses that Bertrand's evidence was not objected to, and therefore is not subject to appellant's criticism here.

Bertrand testified that appellee's damages for deprivation of the use of the furniture was $5 per month, and the evidence shows she was deprived of its use eleven months and a half. Evidently the trial court in entering judgment after *remittitur,* calculated the damages on Bertrand's unobjected evidence, and the judgment is not, in our opinion, excessive.

The instructions informed the jury fully and accurately as to the law applicable to the evidence, and are not complained of. There is no error in this record and the verdict of the jury bears the approval of the trial judge who saw and heard the witnesses and could better judge of their credibility than can we. Therefore, the judgment of the Circuit Court is affirmed.

*Affirmed.*

Mr. Justice DIBELL having presided at the trial of this case in the lower court, took no part in its consideration here.